UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA GROESCHEL, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BENEVITY INTERNATIONAL INC., a foreign corporation,<br><br>　　　　　　Defendant. | CASE NO. 2:24-cv-01686-JNW<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL AND TO CONTINUE SUMMARY JUDGMENT |

## 1.　INTRODUCTION

This matter comes before the Court on Plaintiff Maria Groeschel's motion to continue summary judgment and motion to compel discovery. Dkt. No. 21. Groeschel filed the motion in response to Defendant Benevity International, Inc.'s motion for summary judgment. Dkt. No. 15. Having considered the briefing, the record, and the relevant law, the Court is fully informed. The Court FINDS that Benevity moved for summary judgment before Groeschel could complete discovery of facts essential to justify her opposition. Therefore, the Court DENIES WITHOUT PREJUDICE Benevity's summary judgment motion. And for the reasons below, the Court denies Groeschel's motion to compel with leave to renew.

ORDER - 1

## 2. BACKGROUND

Groeschel sued Benevity, her former employer, alleging that it discriminated against her based on her race and national origin, including by wrongfully terminating her employment in violation of Washington's Law Against Discrimination. Dkt. No. 1 at 11. The Court entered a scheduling order on January 23, 2025, setting the discovery cutoff as November 7 and the dispositive motions deadline as December 8. Dkt. No. 12. Trial is set to begin on April 6, 2026. *Id.* Benevity moved for summary judgment on June 11—almost six months before the dispositive motions deadline. Dkt. No. 15. In response, Groeschel moves to compel discovery and moves to continue discovery under Federal Rule of Civil Procedure 56(d). The Parties dispute whether the meet-and-confer requirement was met, but based on counsel's representations, the Court finds the requirement satisfied. Dkt. No. 32 at 4. The record shows that the Parties have been discussing and attempting to resolve discovery issues over the past several months.

## 3. DISCUSSION

### 3.1 A summary judgment continuance is warranted under Rule 56(d).

"[S]ummary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020) (citation omitted). But a court may defer consideration of—or deny—a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). The Ninth

ORDER - 2

Circuit has held that "[w]here . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) [now Rule 56(d)] motion fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003) (citing *Wichita Falls Off. Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir.1992) (A "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence" (internal quotation marks and citation omitted))). A party requesting relief under Rule 56(d) where little or no discovery has taken place "cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Id.* at 774.

The Court agrees with Groeschel that, given the status of discovery, Benevity's motion for summary judgment was filed too early. Groeschel has attempted to schedule numerous depositions and moved to compel. *See generally* Dkt. No. 75-2. Groeschel seeks discovery related to her job performance, which is relevant to her discrimination case. As such, the Court is persuaded that Groeschel "cannot present facts essential to justify [her] opposition[.]" *See* Fed. R. Civ. P. 56(d).

Rather than deferring the Benevity's summary judgment motion or extending Groeschel's time to file her opposition, the Court simply denies the motion without prejudice. This way, "[i]f the parties anticipate cross-motions for summary

ORDER - 3

judgment," they may file those motions in accordance with Chambers Procedures. *See* Chambers Procedures – Civil, Section 5.8 ("Cross-motions for Summary Judgment").

### 3.2   Groeschel's motion to compel is too vague.

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The rule requires the moving party to identify the specific discovery requests at issue so that the Court may decide which responses to compel. *Id.*; *Tremblay v. OpenAI, Inc.*, Case No. 23-cv-03223-AMO, 2024 WL 2194188, at *1 (N.D. Cal. May 14, 2024). While Groeschel lists discovery issues that she says "remain outstanding," she does not expressly tie these issues to specific discovery requests, nor does she explain how Benevity failed to respond to specific discovery requests. Accordingly, the Court denies her motion to compel with leave to renew. Any renewed motion to compel must include a certification that Groeschel has conferred with Benevity in an effort to resolve the dispute without Court action. *See* LCR 37(a).

### 3.3   The Court declines to award attorneys' fees.

Benevity requests attorneys' fees for responding to Groeschel's motion to compel and motion to continue summary judgment. Dkt. No. 29 at 10. However, under Rule 37(a)(5)(B), the Court will not award attorneys' fees "if the motion was substantially justified or other circumstances make an award of expenses unjust." As the Court has given Groeschel a chance to renew her motion to compel, the Court

ORDER - 4

finds it would be unjust to award attorneys' fees at this time. Benevity may of course seek fees for responding to future discovery motions if appropriate under Rule 37(a)(5)(B).

### 4. CONCLUSION

Accordingly, the Court ORDERS:

1. Defendant's motion for summary judgment is DENIED with leave to renew. Dkt. No. 15.
2. As stated above, Plaintiff's motion for discovery and to continue summary judgment is GRANTED IN PART. Dkt. No. 21.
3. Defendant's motion for fees is DENIED. Dkt. No. 29.

Dated this 25th day of July, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 5