UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA GROESCHEL, an individual,

Plaintiff,

v.

BENEVITY INTERNATIONAL INC., a foreign corporation,

Defendant.

CASE NO. 2:24-cv-01686-JNW

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DISCOVERY AND GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

## 1. INTRODUCTION

Plaintiff Maria Groeschel pursues discrimination and state-law contract claims against her former employer, Benevity International Inc. ("Benevity"). Trial is set for April 6, 2026, and the discovery deadline was November 7, 2025. *See* Dkt. No. 12 at 2. After the discovery deadline, Benevity served a subpoena on Groeschel's subsequent employer, Dropbox. Groeschel moves for a protective order and to quash the subpoena, in part, because the subpoena is untimely. In response, Benevity moves to reopen discovery solely to serve its subpoena on Dropbox. It explains that Dropbox's response to its subpoena will provide relevant information about: (1) Groeschel's job offer from Dropbox; (2) how Groeschel has mitigated her damages;

ORDER - 1

and (3) the circumstances surrounding Groeschel's departure from Dropbox. Dkt. No. 51 at 2, 3. Having considered the briefing, the record, and the relevant law, the Court DENIES Benevity's motion to reopen and GRANTS Groeschel's motion for protective order.

## 2. DISCUSSION

### 2.1    The Court denies Benevity's motion to reopen discovery.

When ruling on motions to reopen discovery, the Ninth Circuit has instructed district courts to consider these factors: (1) "whether trial is imminent," (2) "whether the request is opposed," (3) "whether the non-moving party would be prejudiced," (4) "whether the moving party was diligent in obtaining discovery within the guidelines established by the court," (5) "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court," and (6) "the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quotation omitted). After considering these factors, the Court finds that reopening discovery is unwarranted.

Trial is less than two months away, Groeschel opposes the motion, and she would be prejudiced by reopening discovery at this late stage given the significant scope of information Benevity seeks from Dropbox, including her complete personnel file.  Most significantly, the moving party—Benevity—was not diligent. Benevity served *no written discovery* in this case, nor did it subpoena Dropbox within the discovery window. Benevity explains that these were deliberate tactical decisions based on financial considerations and its belief that it did not need

ORDER - 2

additional discovery. Dkt. No. 51 at 6. But a party that makes a strategic choice to forgo available discovery cannot later claim good cause to reopen it.

Nor was the need for this discovery unforeseeable. Benevity knew throughout discovery that Groeschel worked at Dropbox. The bulk of what the subpoena seeks—her application, personnel file, compensation, and benefits—existed well before the deadline. And while Groeschel's departure from Dropbox occurred in November 2025, near the close of discovery, Benevity did not learn of it until the first week of December, Dkt. No. 52 ¶ 3, and did not file this motion until January 21, 2026—over six weeks later. That delay further undermines any claim of diligence.

Finally, the likelihood that the discovery will lead to relevant evidence is speculative at best. Benevity theorizes that Groeschel's departure from Dropbox "may provide corroboration" for its own termination decision because "Dropbox is the fourth employer in a row in which Plaintiff has failed to maintain employment for two years." Dkt. No. 51 at 7. But there has been no showing that Groeschel was terminated by Dropbox, and the Court declines to reopen discovery based on speculation that her personnel file might reveal a pattern of misconduct. *See Greenburg v. Red Robin Int'l, Inc.*, No. C17-6052-BHS, 2018 WL 2329671, at *1 (W.D. Wash. May 23, 2018) (declining to permit a "fishing expedition into [plaintiff's] private records based on a hypothetical"). To the extent Benevity needs information bearing on mitigation—such as Groeschel's post-termination compensation—that need does not require reopening discovery. The duty to supplement discovery responses under Federal Rule of Civil Procedure 26(e)

ORDER - 3

continues after the discovery cutoff. *See K.J.P. v. County of San Diego*, 621 F. Supp. 3d 1097, 1138 (S.D. Cal. 2022). Groeschel remains bound by that obligation. After considering the relevant factors, *see Pomona*, 866 F.3d at 1066, the Court finds that they do not support reopening discovery here. The Court denies Benevity's motion to reopen discovery.

### 2.2    Neither party is entitled to sanctions.

Groeschel asks for sanctions in response to Benevity's motion to reopen discovery, arguing that she should not be "required to expend time, resources, costs, and attorneys' fees to defend against motions that are untimely and the result of Benevity's failure to act with diligence." Dkt. No. 56 at 7. But the authority she cites –Rule 37(c)(1)—governs sanctions for failure to disclose or supplement, not for filing a non-frivolous motion to reopen discovery. Thus, the Court denies Groeschel's motion for sanctions.

Benevity, in turn, requests sanctions against Groeschel's counsel under 28 U.S.C. § 1927, which authorizes imposing costs and fees against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." "The imposition of sanctions under section 1927 requires a finding that counsel acted recklessly or in bad faith." *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (citation modified). The Court does not find that Groeschel's counsel has "multiplied" these proceedings or acted in bad faith. Accordingly, the Court denies Benevity's motion for sanctions.

ORDER - 4

**2.3   The Court grants Groeschel's motion for a protective order.**

District courts in the Ninth Circuit have held that subpoenas for documents issued under Federal Rule of Civil Procedure 45 are "not exempt from discovery deadlines in scheduling orders." *Polskie Linie Lotnicze LOT S.A. v. The Boeing Co.*, Case No. C21-1449RSM, 2026 WL 234071, at *1 (W.D. Wash. Jan. 29, 2026) (quotations omitted); *Davis v. Tri-Cnty. Met. Transp. Dist. of Or.*, No. 3:12–cv–0808–SI, 2015 WL 3823826, at *1 (D. Or. June 18, 2015) (quoting *Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561–62 (S.D. Cal. 1999) (collecting cases)). Likewise, many courts have held that subpoenas issued after the close of discovery impermissibly seek to circumvent discovery deadlines. *Davis*, 2015 WL 3823826, at *1 (quoting *Integra Lifesciences I, Ltd.*, 190 F.R.D. at 561–62 ("Plaintiffs are correct in their assertion that the subpoena issued by Defendants was an improper use of discovery devices after the close of discovery in this case.")). Because the Court denies Benevity's motion to reopen discovery, and because Benevity served the subpoena on Dropbox after the close of discovery, Groeschel's motion for protective order is granted.

## 3.   CONCLUSION

Accordingly, the Court ORDERS that Defendant's motion to reopen discovery is DENIED, Dkt. No. 51, and Plaintiff's motion for protective order is GRANTED, Dkt. No. 50. Benevity's subpoena issued to Dropbox on December 9, 2025, is QUASHED.

ORDER - 5

Dated this 24th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 6