UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA GROESCHEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BENEVITY INTERNATIONAL INC., a foreign corporation,<br><br>Defendant. | CASE NO. 2:24-cv-01686-JNW<br><br>ORDER DENYING DEFNEDANT'S MOTION FOR RECONSIDERATION |

## 1. INTRODUCTION

Defendant Benevity International Inc. asks the Court to reconsider its order denying summary judgment on Plaintiff Maria Groeschel's Washington Law Against Discrimination ("WLAD") retaliation claim. Dkt. No. 72. Benevity says the Court committed manifest error twice: first, by finding a dispute of fact about when Benevity decided to fire Groeschel, *id.* at 3–6, and second, by finding a dispute of fact about why, *id.* at 6–7. But Benevity offers no new evidence and points to no change in the law. It reprises the arguments it made at summary judgment and asks the Court to draw from the same record the inferences it prefers. Choosing

among competing inferences, however, is a jury's job, and mere disagreement with the Court's ruling is not manifest error. The motion is DENIED.

## 2. LEGAL STANDARD

"Motions for reconsideration are disfavored," and the Court will ordinarily deny one "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Reconsideration "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## 3. DISCUSSION

Start with the timing issue. Benevity fixates on one sentence from the Court's summary judgment order: "Benevity's own witnesses could not confirm when the final termination decision was made, . . . and the contemporaneous [Slack] messages cut both ways[.]" Dkt. No. 72 at 3 (quoting Dkt. No. 71 at 10). Benevity says "[t]hree witnesses—Speer, Alexander, and Werner—testified under penalty of

perjury that the decision was made on January 10," and "[n]o evidence contradicts them." *Id.* at 4.

Not so. The Court considered the declarations of Speer, Alexander, and Werner. Dkt. No. 71 at 10 ("Speer and Alexander testified that, on January 10, 2024, [Benevity CEO] Schmitt told them Benevity planned to terminate Groeschel" and "Werner testified that, on January 10, 2024, Schmitt, Alexander, and Speer told her that Benevity planned to terminate Groeschel."). But at deposition, Alexander said she didn't know whether the decision had been made when she messaged Werner on January 10, Dkt. No. 48-6 at 8, and Speer said she didn't know when the decision was made, Dkt. No. 48-5 at 7. The Court did not err in saying that "Benevity's own witnesses could not confirm when the final termination decision was made[.]"

That leaves the Slack messages, along with the performance review that Werner and Alexander were still building on January 11. Dkt. No. 71 at 10–11. Benevity reads all of it as carrying out a decision already made, with the only open question being when to break the news. A jury may agree. A jury may also read "sounds like we are back on" the way Groeschel does. Benevity made this argument in its summary judgment briefing and again at oral argument, and the answer hasn't changed—weighing this evidence and drawing inferences from it is the jury's work, not the Court's.

Now on to the pretext issue. Benevity says its varied explanations for firing Groeschel aren't inconsistent, just "different facets of the same concern with different levels of generality." Dkt. No. 72 at 6. Maybe so. That is an argument for

the jury, not a defect in the Court's order. The same goes for Benevity's view that Werner's retreat at deposition from the word "inaccurate" is a "minor semantic distinction." *Id.*

Benevity then argues the Court should discount positive testimony about Groeschel because, in Benevity's telling, her first supervisor was later fired for poor performance and because parts of the record cut the other way. *Id.* at 7. That asks the Court to weigh credibility, which the Court cannot do on summary judgment.

Finally, Benevity suggests that by conceding her discrimination claims, Groeschel admitted Benevity had good reasons to fire her. *Id.* at 2. She admitted no such thing. Abandoning a race-discrimination theory does not show that an employer's stated reasons are true, and it says nothing about whether retaliation drove the decision.

## 4. CONCLUSION

Benevity has shown no manifest error. And either dispute of fact—timing or pretext—independently requires a trial. The Court DENIES Benevity's motion for reconsideration, Dkt. No. 72.

Dated this 31st day of August, 2026.

Jamal N. Whitehead
United States District Judge